IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ERNESTINE L. COLEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 1:19-cv-573-ECM-SMD |
| | ) |
| DOTHAN COUNTRY CLUB, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, proceeding *pro se*, has filed a Complaint claiming that Defendant discriminated against her based upon her race. (Doc. 1). Defendant filed a Motion to Dismiss or, in the Alternative, a Motion for Summary Judgment. (Doc. 11). For the reasons that follow, the undersigned recommends that Defendant's Motion for Summary Judgment be granted.

**I.     PLAINTIFF'S COMPLAINT**

Plaintiff alleges that, while working her September 13, 2018, shift, she requested permission from her manager to leave because she was not feeling well. (Doc. 1) at 2. Although she was denied permission, Plaintiff left. *Id*. Two days later, Plaintiff met with her manager to discuss the situation. *Id*. In that meeting, Plaintiff's manager informed her that she could no longer come to work thirty minutes before each shift, which allowed Plaintiff to maintain full time status and to qualify for health insurance. *Id*. Plaintiff states that, on September 20, 2018, a white co-worker clocked out of her shift without permission after having a "public verbal disagreement with Human Resoruce [sic]" but that the co-

worker was allowed to return to work the next day without any type of disciplinary action. *Id*.

Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"), checking the boxes for discrimination based upon race and retaliation. (Doc. 1-1) at 2. Plaintiff was issued a right-to-sue letter on May 9, 2019. *Id*. at 3. Plaintiff voluntarily left her job with Defendant one month later. (Doc. 1) at 2.

## II.   PROCEDURAL HISTORY

Defendant filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. 11) on February 24, 2020. Defendant attached multiple documents supporting the Motion, including a Declaration from Defendant's Controller; a 2018 990 IRS Form; and Defendant's By-Laws. (Doc. 11) at 9-36. The undersigned entered an order directing Plaintiff to show cause why the Motion should not be granted. (Doc. 13). However, Plaintiff did not respond within the timeframe set forth by the undersigned. Therefore, the undersigned entered a Recommendation that Plaintiff's Complaint be dismissed for failure to abide by orders of the Court and for failure to prosecute the case. (Doc. 16).

Subsequently, Plaintiff filed an objection (Doc. 18) to the undersigned's Recommendation and filed a response in opposition (Doc. 17) to Defendant's Motion to Dismiss. In her response, Plaintiff stated that she had attempted to file a written response opposing Defendant's motion in accordance with the Court's previous order, but that her written response was returned to her address by the Clerk of Court for her failure to include

a formal heading on the document. (Doc. 18) at 1. Based upon Plaintiff's attempt to respond to the undersigned's order, the undersigned withdrew the Recommendation and afforded Defendant the opportunity to reply to Plaintiff's response in opposition to Defendant's Motion. (Doc. 19). Defendant filed a reply, which included an additional Declaration by Defendant's Controller. (Doc. 20) at 7-9.

After reviewing the submissions of the parties, the undersigned determined that evidence outside of the pleadings would be considered in making a Recommendation to the District Judge regarding Defendant's Motion. Therefore, the undersigned entered an Order informing Plaintiff that the undersigned intended to consider Defendant's Motion for Summary Judgment as opposed to the Motion to Dismiss. (Doc. 21) at 4. The undersigned then afforded Plaintiff the opportunity to file any affidavits or evidence showing that a genuine issue of material fact remained. *Id*. at 5. The undersigned warned Plaintiff that her failure to submit additional materials to the Court would result in the undersigned assuming Defendant's evidence to be true and that the undersigned would proceed to make a recommendation as to whether summary judgment is appropriate. *Id*. at 5-6. Plaintiff did not file any affidavits or evidence with the Court.

### III.  SUMMARY JUDGMENT STANDARD

Summary judgment is authorized if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Anderson v. Liberty Lobby, Inc.,* 477 U.S.

3

242, 250 (1986). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.

The moving party bears the burden of proving that no genuine issue of material fact exists. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). In determining whether the moving party has satisfied the burden, the court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolves all reasonable doubts against the moving party. *Anderson,* 477 U.S. at 255; *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587-88 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249-50 (citations omitted).

## IV. DISCUSSION

Title VII prohibits an employer from discriminating against an individual on the basis of race. 42 U.S.C. § 2000e-2(a). Title VII exempts from its coverage "bona fide private membership clubs" which are exempt from taxation under Section 501(c) of Title 26 of the United States Code. *See* 42 U.S.C. § 2000e(b)(2).[1]

---

[1] Section 2000e provides, in part:

> The term "employer" means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person, but such term

Here, it is undisputed that Defendant is exempt from taxation under Section 501(c)(7) of the Internal Revenue Code. *See* (Doc. 11) at 10, 14-15; (Doc. 20) at 9. Therefore, the only issue before the court is whether Defendant qualifies as a bona fide private membership club. To qualify as a bona fide private membership club, Defendant must show that it (1) is a legitimate association of persons organized for recreational, social, or other purpose; (2) is private as opposed to public; and (3) requires some meaningful conditions of limited membership. *Policy Statement on Private Club Exemption,* EEOC Compl. Man. (BNA) No. N-915, at N:3171 (July 22, 1986) (recognizing that the court in *Quijano v. University Fed. Credit Union,* 617 F.2d 129, 131 (5th Cir. 1980), required an additional factor that the organization is legitimate as opposed to a sham, but stating that if a defendant satisfies the other three factors, the defendant is a legitimate organization).

### A. Defendant is a legitimate association of persons for social and recreational purposes.

The undisputed evidence shows that Defendant is a legitimate association of persons for social and recreational purposes. Specifically, Defendant's By-Laws state that its object "is to promote and encourage athletic sports and amusement; particularly golf, tennis and swimming; to conduct social events; to provide facilities for dining and entertainment" for

---

does not include . . . a bona fide private membership club (other than a labor organization) which is exempt from taxation under section 501(c) of Title 26 . . . .

42 U.S.C. § 2000e(b)(2).

its members and guests of its members. (Doc. 11) at 23. Based upon this undisputed evidence, the undersigned finds that Defendant is a club in the ordinary sense of the word and a legitimate organization as opposed to a sham. *See Kelsey v. Univ. Club of Orlando, Inc.*, 845 F. Supp. 1526, 1529 (M.D. Fla. 1994).

### B. Defendant is a private club.

"Private" is defined as "intended for or restricted to the use of a particular person or group or class of persons[;] not freely available to the public." *E.E.O.C. v. Chicago Club*, 86 F.3d 1423, 1435 (7th Cir. 1996). In determining whether Defendant is a private club, the undersigned considers: (1) the extent to which it limits its facilities and services to club members and their guests; (2) the extent to which and/or the manner in which it is controlled or owned by its membership; and (3) whether and to what extent it publicly advertises to solicit members or to promote the use of its facilities or services by the general public. *See Kelsey*, 845 F. Supp. at 1529.

Here, the undisputed evidence shows that "[t]he facilities and events held at the Dothan Country Club are for members (and their guests) only" and that Defendant's "facilities and events are not open to the public." (Doc. 11) at 12. The undisputed evidence also shows that Defendant "does not publicly advertise to solicit members or to promote it as open to the public." *Id*. And, the undisputed evidence shows that Defendant and its property "shall be under the control of the Board of Governors consisting of fifteen members, including the twelve Directors, the President, the Vice-President and Secretary. The Board of Governors shall have complete control of management of the Club property

6

and Club employees, and shall fix the salary of the employees and have the authority to employ and discharge such employees[.]" *Id*. at 32.

Based upon this undisputed evidence, the undersigned finds that Defendant is a private club.[2]

### C. Defendant requires meaningful conditions of limited membership.

To meet the requirement of meaningful conditions of limited membership, Defendant must show that it limits its membership by restricting the size of its total membership and by according membership only to individuals found personally accepted by its members. *Kelsey*, 845 F. Supp. at 1530. Here, in order to become a member of Defendant, one must be "proposed, recommended, and elected" by current members. (Doc. 11) at 23-24. Specifically, the By-Laws require:

> All proposals for membership shall be signed by a sponsor, who shall be a member in good standing, and shall be accompanied by two letters of recommendation from two active members in good standing. . . . All proposals for membership in the Dothan Country Club shall be received and passed upon by the Board of Governors. The Board of Governors shall have full authority to elect or reject any person proposed for membership, and such

---

[2] In her response in opposition to Defendant's Motion, Plaintiff disputes that Defendant is a private club. (Doc. 17). Specifically, Plaintiff asserts that Defendant "has NOT been operating its business solefully [sic] for the purpose of its members." *Id*. at 2. Plaintiff points to an annual golf tournament, The Future-Masters Golf Tournament, that is held yearly and open to the public for support of her contention. *Id*. However, Defendant's undisputed evidence shows that the tournament, which admittedly generates non-member revenue, is less than the threshold amount allowed by the Internal Revenue Service. (Doc. 20) at 9. In any event, hosting an annual golf tournament does not support a finding that Defendant is public as opposed to a private club. *See Richard v. Friar's Club*, 124 F.3d 212, 212 (9th Cir. 1997) (finding the defendant was a private club "although the record contain[ed] some evidence that the club may have held two or three events open to the public, the general practice appears to adhere to its members-only policy."); *Kelsey*, 845 F. Supp. at 1529-30 (finding that the defendant was a private club despite isolated accounts of where non-members were allowed access to the facilities and where the plaintiff produced no evidence that the defendant "allow[ed] guests unfettered use of its facilities, promote[d] use of its facilities through advertisements aimed at non-members," etc.).

7

person shall be rejected when he or she receives two negative votes. . . . No person failing of election to membership shall again be proposed for membership within one year.

(Doc. 11) at 23-24. Additionally, Defendant's By-Laws limit membership to six hundred fifty (650) Resident Members. *Id*. at 27.

Based upon this undisputed evidence, the undersigned finds that Defendant requires meaningful conditions of membership.

V. **CONCLUSION**

The undersigned finds no genuine issue of material fact regarding Defendant's status as a bona fide private membership club. Indeed, the undisputed evidence shows that Defendant is a legitimate association of persons for social and recreational purposes; is private; and requires meaningful conditions of limited membership. The undisputed evidence also shows that Defendant is exempt from taxation under Section 501(c)(7) of the Internal Revenue Code. Therefore, the undersigned concludes that Defendant is exempt from Title VII coverage. Accordingly, it is the

RECOMMENDATION of the undersigned that Defendant's Motion for Summary Judgment (Doc. 11) be GRANTED and that Defendant's Motion to Dismiss (Doc. 11) be DENIED as MOOT.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before July 7, 2020. A party must specifically identify the factual findings and legal

8

conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 23rd day of June, 2020.

/s/ Stephen M. Doyle
UNITED STATES MAGISTRATE JUDGE